# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# CHARLESTON DIVISION

THE SANITARY BOARD OF THE CITY
OF CHARLESTON, WEST VIRGINIA,

            Plaintiff,

v.                                                   CIVIL ACTION NO.   2:18-cv-01100

COLONIAL SURETY COMPANY, et al.,

            Defendants.

## ORDER

Before this Court are the motion to compel (ECF No. 56) and supplemental motion to compel (ECF No. 83) filed by Fourth-Party Defendant Burgess & Niple, Inc. ("B&N"). B&N seeks to compel Fourth-Party Plaintiffs Tri-State Pipeline, Inc. and Eric D. Taylor (collectively, "Tri-State") to respond to a series of requests for admission, interrogatories, and requests for production it served upon Tri-State on February 15, 2019. (ECF Nos. 56-1, 56.2.) Tri-State timely responded to the requests for admission on March 21, 2019 (ECF No. 48), but it did not respond to the other discovery requests until March 29, 2019 (ECF No. 53).

    A. *Requests for Admission*

        1. *Requests Nos. 8 & 9*

These requests ask Tri-State to admit that it wrote a letter to B&N dated February 26, 2018, and provided a "Project Claims" document to B&N on that date. (ECF No. 56-1 at 4–5.) Tri-State admitted that the letter was written and the project claims were

submitted, but on February 23, 2018. (ECF No. 56-3 at 5.) Due to the discrepancy with the date, B&N requested that Tri-State produce its copy of the letter at issue. (ECF No. 56 at 4.) B&N represents that Tri-State did so on May 6, 2019. (ECF No. 64 at 3.) Accordingly, B&N's motion to compel is **DENIED AS MOOT** with respect to these requests.

> 2. *Requests Nos. 11, 13, 15, 17, 19, 21, 23, 25, 27, 29, 31, 33, 35, 37, 39, 41, 43, 45, 47, 49, 51, 53, 55, 57, 59, 61, 63, 65, 67–69, 71, 77, 79, 81, 83, 85, 87, 89, 91, 93, 95, 97, 99, 101, 103, 105, 107, & 109*

These requests in large part ask Tri-State to admit that it submitted various notices of claims as part of the letter mentioned in Requests Nos. 8 and 9. (ECF No. 56-1 at 5–21.) Tri-State agreed to supplement its responses "in an ongoing effort to address B&N's discovery requests fully and in good faith." (ECF No. 61 at 4.) Accordingly, to the extent it has not already done so, Tri-State is **ORDERED** to supplement its responses to these requests. B&N's motion to compel is **GRANTED** with respect to these requests.

B. *Interrogatories*

1. *Interrogatory No. 2*

This interrogatory requests that Tri-State both identify individuals with knowledge of the facts alleged in the fourth-party complaint in this case and summarize their knowledge. (ECF No. 56-2 at 4.) Although Tri-State supplied names of individuals, it refused to give summaries of their knowledge because it had not yet interviewed them and because some of them were employed by other parties to this action. (ECF No. 61 at 4.)

This is a fairly standard interrogatory that is often propounded early in the discovery process and seeks relevant, discoverable information. *See, e.g.*, *Beckman v.*

*T.K. Stanley, Inc.*, No. 1:11-cv-133, 2012 WL 1085803, at *1, *7 (N.D.W. Va. Mar. 30, 2012) (ordering party to respond to similar request for list of witnesses and "[t]he substance of the facts known by each said witness"); *Kelly v. FedEx Ground Package Sys., Inc.*, No. 3:10-cv-01265, 2011 WL 1584764, at *4 (S.D.W. Va. Apr. 26, 2011) (ordering party to respond to interrogatory requesting "the identity of any person who has knowledge of the alleged incident . . . as well as the substance of the knowledge"). Further, at this point in the discovery process, Tri-State is likely equipped to respond fully to the interrogatory. Tri-State is **ORDERED** to do so, and B&N's motion to compel is **GRANTED** with respect to this interrogatory.

*2. Interrogatory No. 13*

This interrogatory asks Tri-State if it has previously been involved in projects "governed by the EJCDC General Conditions" and to list those projects. (ECF No. 56-2 at 7.) Tri-State objected to the interrogatory as unduly burdensome, oppressive, and irrelevant. (ECF No. 56-5 at 10.) However, Tri-State's objections were untimely served on B&N and are boilerplate and unsubstantiated. Fed. R. Civ. P. 33(b)(4) ("The grounds for objecting to an interrogatory must be stated with specificity."); *see Richardson v. Ford Motor Co.*, No. 3:13-cv-06529, 2014 WL 6471499, at *2 (S.D.W. Va. Nov. 18, 2014) ("Conclusory and unsubstantiated allegations are simply insufficient to support an objection based on grounds of annoyance, burdensomeness, oppression, or expense."). As such, Tri-State's objections are waived. Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection is waived . . . ."); *see Frontier-Kemper Constructors, Inc. v. Elk Run Coal Co.*, 246 F.R.D. 522, 528–29 (S.D.W. Va. 2007). More importantly, the information this interrogatory requests is relevant to B&N's defense to Tri-State's negligence claim against it that Tri-State "did not act in accordance with the EJCDC

3

standards governing [the] contract." (ECF No. 56 at 6.) Accordingly, Tri-State is **ORDERED** to respond to this interrogatory in full, and B&N's motion to compel is **GRANTED** with respect to this interrogatory.

C. *Requests for Production Nos. 6–24*

These requests constitute the bulk of the requests for production B&N served on Tri-State and largely ask for information used to substantiate allegations in the fourth-party complaint. (ECF No. 56-2 at 8–12.) Tri-State responded to these requests by either stating that the information was "included in Tri-State's project file" and agreeing to produce it "at a mutually convenient time" or objecting that the request was "overly broad, vague and unduly burdensome" but agreeing to produce documents "at a mutually convenient time." (ECF No. 56-5 at 12–17.) Tri-State "informed B&N that the responsive documents were at the office of Tri-State's counsel and could be reviewed there," but B&N argues that Tri-State must produce the documents in electronic format. (ECF No. 64 at 5.) B&N also contends that Tri-State should bear the cost of producing the documents in B&N's preferred format. (ECF No. 83 at 3–4.)

Tri-State's offer to make the responsive information available for inspection at its counsel's office satisfies its obligations under the Federal Rules of Civil Procedure and this District's Local Rules of Civil Procedure.[1] By offering the responding party the option to "produce copies of documents . . . instead of permitting inspection," Federal Rule of Civil Procedure 34(b)(2)(B) contemplates that the default way to respond to a request for production of documents is to permit the requesting party to inspect them. *See Mezu v. Morgan State Univ.*, 269 F.R.D. 565, 575 (D. Md. 2010) ("Defendant was not

---

[1] For this reason, B&N's request for sanctions against Tri-State for their failure to produce documents is **DENIED**.

4

obligated to photocopy the documents and mail them to Plaintiff; Defendant only was obligated to make the documents available to Plaintiff for inspection and copying." (citing Fed. R. Civ. P. 34(a)(1))); *see also* L.R. Civ. P. 26.3(b)(1) ("[A]ll parties to an action shall be entitled to inspect documents produced by another party . . . at the location where they are produced."); L.R. Civ. P. 26.3(b)(2). As such, Tri-State properly responded to B&N's requests for production by making the responsive documents available for inspection, even though this may not be the most common way to respond to a request for production or B&N's preferred method. Notably, B&N did not specify in its initial requests that it required the responsive documents in electronic format. (*See* ECF No. 56-2.)

Moreover, if B&N prefers to have the responsive documents produced in a manner other than that in which they were produced, B&N bears the cost of production. *See Stillwagon v. Innsbrook Golf & Marina, LLC*, No. 2:13-CV-18-D, 2015 WL 500320, at *2 (E.D.N.C. Feb. 4, 2015) ("Rule 34 . . . requires that a party make documents available for inspection and copying, but it does not require that the producing party bear the costs of copying." (citing Fed. R. Civ. P. 34(a)(1))); *Mezu*, 269 F.R.D. at 575 (stating that Rule 34 "does not preclude the producing party from charging the requesting party a reasonable amount to photocopy the documents that it makes available for the requesting party to review, provided the requesting party has specified in the production request that it seeks production of 'hard copies' of documents"); *see also* L.R. Civ. P. 26.3(b)(2) ("No party shall be entitled to obtain copies of documents produced by another party . . . without paying the reasonable copying costs."). That B&N should bear the cost of production is even more apparent in this case because B&N seeks the documents in electronic format, but the documents exist only as hard copies and would need to be scanned by a third party at a cost of $1,408.60 in order to be produced in electronic format. (ECF No. 83-6.)

5

Accordingly, Tri-State is **ORDERED** to make the documents available to B&N for inspection. B&N's motion to compel and supplemental motion to compel are **GRANTED IN PART** and **DENIED IN PART** with respect to these requests.

In conclusion, B&N's motion to compel (ECF No. 56) is **GRANTED IN PART**, **DENIED IN PART**, and **DENIED IN PART AS MOOT** as stated herein. Its supplemental motion to compel (ECF No. 83) is **GRANTED IN PART** and **DENIED IN PART** as stated herein. To the extent it has not already done so, Tri-State is **ORDERED** to respond to the discovery requests as stated in this Order within fourteen (14) days from the date of this Order.

**IT IS SO ORDERED**.

The Clerk is **DIRECTED** to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: October 2, 2019

Dwane L. Tinsley
United States Magistrate Judge