IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

SANITARY BOARD OF THE CITY OF
CHARLESTON, WEST VIRGINIA,

          Plaintiff,

v.                                             CIVIL ACTION NO.   2:18-cv-01100

COLONIAL SURETY COMPANY, et al.,

          Defendants.

**ORDER**

Before this Court is Defendant Colonial Surety Company's Motion to Compel Discovery from Burgess & Niple, Inc.  (ECF No. 115.)  Defendant Colonial Surety Company ("Colonial Surety") represents that it served its first set of discovery requests on Fourth-Party Defendant Burgess & Niple, Inc. ("B&N") on October 21, 2019, and that B&N responded to those requests on December 6, 2019.  (*Id.* at 2; *see* ECF Nos. 95, 107.) Colonial Surety further represents that on January 13, 2020, it "sent B&N's counsel a letter in good faith to address [Colonial Surety's] issues with the Responses provided" and that it and B&N "are currently working together to resolve the discovery disputes at issue . . . with minimal Court intervention if possible."  (ECF No. 115 at 2–3.)  Colonial Surety filed its motion to compel that same day—January 13, 2020.  (*Id.* at 2.)

As Colonial Surety acknowledges (*id.*) and B&N correctly points out (ECF No. 125 at 2–3), Colonial Surety's motion to compel is untimely.  "Motions to compel . . . not filed within 30 days after the discovery response . . . was due are waived . . . ."  S.D.W. Va. L.R. Civ. P. 37.1(c); *CSS, Inc. v. Herrington*, No. 2:16-cv-01762, 2018 WL 7108115, at *2

(S.D.W. Va. Jan. 9, 2018).   Pursuant to this rule, any motion to compel targeting B&N's

December 6, 2019 responses to Colonial Surety's first set of discovery requests must have

been filed on or before Monday, January 6, 2020.   *See* Fed. R. Civ. P. 6(a)(1).   However,

Colonial Surety did not file its motion to compel for another week, on January 13, 2020.

(ECF No. 115.)   This Court's docket does not reflect that Colonial Surety and B&N filed a

stipulation to extend the time to file the motion beyond the thirty-day period.   *See* S.D.W.

Va. L.R. Civ. P. 37.1(c) ("The 30-day deadline may be extended . . . by stipulation of the

parties, so long as the extension does not interfere with the scheduling order.   Any such

stipulation must be filed pursuant to LR Civ P 11.2.").

Moreover, despite Colonial Surety's assertion that it and B&N "are currently

working together to resolve the discovery disputes at issue" (ECF No. 115 at 2–3), the fact

that it sent its meet-and-confer letter to B&N on the same day that it filed its motion to

compel—and according to B&N, *after* the motion to compel was filed (ECF No. 125 at 4)—

shows that Colonial Surety's assertion is disingenuous.   "*Before* filing any discovery

motion . . . counsel for each party shall make a good faith effort to confer *in person or by

telephone* to narrow the areas of disagreement to the greatest possible extent."   S.D.W.

Va. L.R. Civ. P. 37.1(b) (emphasis supplied).   Quite plainly, Colonial Surety did not at all

endeavor to comply with this requirement and avoid this Court's involvement in its

dispute with B&N.

The undersigned nonetheless offered Colonial Surety and B&N an opportunity to

meet and confer and gave the parties a deadline of May 18, 2020, to attempt to resolve

their differences with respect to the requested discovery.   (ECF No. 165.)   However, on

April 21, 2020, Colonial Surety and B&N filed a joint statement representing that they

had conferred on April 17, 2020, and were unable to reach an agreement.   (ECF No. 174.)

The undersigned intended for Colonial Surety and B&N to use this time to "prepare[] both the court and the parties to efficiently and effectively resolve the dispute." *Graham v. Dhar*, No. 1:18-cv-00274, 2019 WL 6999688, at *3 (S.D.W. Va. Dec. 19, 2019). That the parties filed their joint statement approximately one month before the deadline in the undersigned's Order causes the undersigned to question whether the parties meaningfully conferred about the discovery disputes at issue in an effort to limit court intervention. *See Carpenter v. Res-Care Health Servs., Inc.*, No. 3:12-cv-08047, 2013 WL 1750464, at *4 (S.D.W. Va. Apr. 23, 2013) ("The purpose of the 'meet and confer' requirement . . . is to facilitate a resolution of discovery differences before parties resort to court intervention."). As such, an extension of time to file the motion to compel due to the parties' good-faith attempts to resolve the dispute without this Court's intervention is not warranted. S.D.W. Va. L.R. Civ. P. 37.1(c) ("The 30-day deadline may be extended by court order for good cause shown . . . ."); *Elkins v. Monumental Life Ins. Co.*, No. 2:08-cv-01403, 2009 WL 10705179, at *1 (S.D.W. Va. Aug. 13, 2009) (concluding that motion to compel not waived because parties discussing issues leading up to and after thirty-day deadline).

Accordingly, because Colonial Surety's motion to compel was not filed within the thirty-day time period outlined in this District's Local Rule of Civil Procedure 37.1(c), the parties did not stipulate to a longer time period, and Colonial Surety has not demonstrated good cause for an extension of the time period, Colonial Surety has waived its right to file a motion to compel with regard to its October 21, 2019 discovery requests.[1] The motion to compel (ECF No. 115) is thus **DENIED**.

---

[1] The undersigned acknowledges that Colonial Surety may avoid this issue by serving on B&N a second set of discovery requests identical to the first. (*See* ECF No. 129 at 15–16.) The undersigned hopes that in the event Colonial Surety chooses to do so, the parties will engage in active discussions prior to involving this Court in their discovery dispute, as directed by this District's Local Rule of Civil Procedure 37.1(b).

**IT IS SO ORDERED**.

The Clerk is **DIRECTED** to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER:       April 28, 2020

Dwane L. Tinsley
United States Magistrate Judge