IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

SANITARY BOARD OF THE CITY OF
CHARLESTON, WEST VIRGINIA,

        Plaintiff,

v.                                      CIVIL ACTION NO.   2:18-cv-01100

COLONIAL SURETY COMPANY, et al.,

        Defendants.

**ORDER**

Before this Court is Colonial Surety Company's Motion to Compel Deposition Testimony from Craig Richards and John Moore. (ECF No. 308.) Defendant Colonial Surety Company ("Colonial Surety") seeks to reopen the depositions of Craig Richards and John Moore, which were held on September 22 and 30, 2020, respectively, and compel their testimony about discrimination complaints and a related lawsuit lodged against Fourth-Party Defendant Burgess & Niple, Inc. ("B&N"). (ECF No. 309.) However, Colonial Surety's motion is untimely. "Motions to compel or other motions in aid of discovery not filed within 30 days after the discovery response or disclosure requirement was due are waived . . . ." S.D.W. Va. L.R. Civ. P. 37.1(c). Colonial Surety did not file the instant motion until February 11, 2021, nearly five months after the depositions during which B&N's counsel instructed the deponents not to answer certain questions.

"The 30-day deadline [to file a discovery motion] may be extended by court order for good cause shown, or by stipulation of the parties . . . ." *Id.* The docket in this matter

does not reflect that the parties filed any stipulation to extend Colonial Surety's time to file a motion regarding the deposition testimony. *See id.* ("Any such stipulation must be filed pursuant to LR Civ P 11.2."). Colonial Surety has likewise failed to show good cause for a four-month extension of its time to file its motion. During the September 30, 2020 deposition, and again several days later, the parties contacted the undersigned as permitted by Southern District of West Virginia Local Rule of Civil Procedure 37.1(d), but the undersigned was not then available to speak with the parties to resolve the issue. The parties once more contacted the undersigned in November 2020, seeking guidance about how the undersigned would prefer the parties to bring the issue to his attention. On November 16, 2020, the undersigned provided Colonial Surety with a tentative date and time for a telephone conference to discuss the deposition testimony, but Colonial Surety represented that the parties had a scheduling conflict due to other depositions in this case. Colonial Surety then stated that it would confer with the other parties to the case to determine their availability for a telephone conference, but it never followed up to ask the undersigned to schedule the call. Instead, three months passed, and it filed the presently pending motion to compel. Such unreasonable delay indicates a lack of diligence in bringing the issue before this Court and is insufficient to demonstrate good cause for an extension of the time to file a discovery motion. *See Ramaco Resources, LLC v. Fed. Ins. Co.*, No. 2:19-cv-00703, 2020 WL 7063579, at *3 (S.D.W. Va. Dec. 2, 2020) (suggesting that two-month delay in filing motion to compel unreasonable).

Accordingly, Colonial Surety Company's Motion to Compel Deposition Testimony from Craig Richards and John Moore (ECF No. 308) is **DENIED**.

**IT IS SO ORDERED**.

The Clerk is **DIRECTED** to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: March 9, 2021

_____
Dwane L. Tinsley
United States Magistrate Judge