UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON


THE SANITARY BOARD OF THE CITY
OF CHARLESTON, WEST VIRGINIA,
a municipal utility,

        Plaintiff,

v.                              Civil Action No. 2:18-cv-01100

COLONIAL SURETY COMPANY, a
Pennsylvania corporation; and
PARTNERRE INSURANCE COMPANY OF
NEW YORK, a New York corporation,

        Defendants.

and

COLONIAL SURETY COMPANY, a
Pennsylvania Corporation,

        Third-Party Plaintiff,

v.

TRI-STATE PIPELINE, INC., an Ohio
corporation; and ERIC D. TAYLOR,

        Third-Party Defendants and
        Fourth-Party Plaintiffs,

v.

BURGESS & NIPLE, INC., an Ohio
corporation,

        Fourth-Party Defendant.

MEMORANDUM OPINION AND ORDER

Pending is third-party defendant and fourth-party plaintiff Tri-State Pipeline, Inc.'s ("Tri-State") Motion to Certify Partial Summary Judgment Orders for Appeal and to Stay Proceedings, filed September 7, 2021.  ECF No. 469.  Fourth-party defendant Burgess & Niple, Inc. ("Burgess & Niple") filed a response in opposition on October 20, 2021.  ECF No. 477.  On November 4, 2021, plaintiff the Sanitary Board of Charleston, West Virginia ("Sanitary Board") joined in Burgess & Niple's response.  ECF No. 480.  Tri-State filed a reply memorandum on November 12, 2021.  ECF No. 481.  No response has been filed by defendant and third-party plaintiff Colonial Insurance Company ("Colonial") or defendant PartnerRe Insurance Company of New York.

I.   Background

This case arises from a project to improve the sewer system in Charleston, West Virginia.  The Sanitary Board entered into a contract with Burgess & Niple, an engineering firm, whereby Burgess & Niple would provide professional services for the design and management of certain sewer system improvements.  The Sanitary Board also entered into a contract with Tri-State for the performance of the project.  When Tri-State failed to

2

meet the substantial completion deadline, the Sanitary Board sent Tri-State a notice of intent to terminate for cause and ultimately terminated the contract.

In June of 2018, the Sanitary Board filed this action against Colonial Surety Company, a surety for Tri-State, and PartnerRe Insurance Company of New York, a co-surety and/or reinsurer.  ECF No. 1.  Colonial filed a third-party complaint against Tri-State and its president Eric D. Taylor.  ECF No. 16. Tri-State thereafter filed a crossclaim for breach of contract against the Sanitary Board, and the Sanitary Board responded with a counterclaim for breach of contract against Tri-State. ECF No. 22; ECF No. 76.  Tri-State also filed a fourth-party complaint against Burgess & Niple asserting a single claim of professional negligence.  ECF No. 22.  Tri-State's professional negligence claim against Burgess & Niple is based in part on 57 underlying "claims" it delivered Burgess & Niple which related to problems it encountered during its work on the project.

On August 27, 2021, the court entered two relevant memorandum opinion and orders.  ECF No. 467; ECF No. 468.  In the first order, the court granted partial summary judgment in favor of the Sanitary Board finding that the Sanitary Board had appropriately terminated its contract with Tri-State for cause. ECF No. 467, at 93.  Accordingly, the Court dismissed Tri-

State's breach of contact crossclaim against the Sanitary Board

except to the extent the crossclaim asserted entitlement to

compensation for two specific claims Tri-State submitted related

to problems it encountered during its work on the sewer project.

Id.

In the second order, the court granted partial summary

judgment in favor of Burgess & Niple finding that the parties

had not waived, amended, or abrogated the contractual provision

that required Tri-State to provide written substantiation within

sixty days of the event giving rise to a claim for problems

encountered during the project and therefore that many the of

claims submitted by Tri-State were untimely.  ECF No. 468, at

64.  Accordingly, the court concluded that "Tri-State's

professional negligence claim may proceed on a limited basis,"

allowing it to pursue the claim insofar as it concerns nine of

the 57 original claims as well as an incident that occurred on a

"lateral" sewer line.  Id.

## II.  Legal Standard & Analysis

Pursuant to the Federal Rules of Civil Procedure,

> [w]hen an action presents more than one claim for
> relief--whether as a claim, counterclaim,
> crossclaim, or third-party claim--or when
> multiple parties are involved, the court may
> direct entry of a final judgment as to one or
> more, but fewer than all, claims or parties only

> if the court expressly determines that there is
> no just reason for delay.

Fed. R. Civ. P. 54(b).  Generally, however, "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties . . .."  Id.

Rule 54(b) certification is recognized as the exception rather than the norm.  While the court is vested with discretion to determine whether certification is appropriate, it should not be granted routinely.  See Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 10 (1980).

Certification is to be "reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties."  Morrison-Knudsen Co. v. Archer, 655 F.2d 962, 965 (9th Cir. 1981).  It is the moving party's burden to demonstrate that certification is warranted.  Braswell Shipyards, Inc. v. Beazer East, Inc., 2 F.3d 1331, 1335 (4th Cir. 1993).

In determining whether certification is warranted, the court must first determine whether the relevant judgment is

final.  Id.  Second, "the court must determine whether there is

no just reason for delay in the entry of judgment."  Id.  To

determine whether there is no just reason for delay, the court

is to consider the following factors:

> (1) the relationship between the adjudicated and
> unadjudicated claims; (2) the possibility that
> the need for review might or might not be mooted
> by future developments in the district court; (3)
> the possibility that the reviewing court might be
> obliged to consider the same issue a second time;
> (4) the presence or absence of a claim or
> counterclaim which could result in a set-off
> against the judgment sought to be made final; (5)
> miscellaneous factors such as delay, economic and
> solvency considerations, shortening the time of
> trial, frivolity of competing claims, expense,
> and the like.

Id. at 1335–36.

Tri-State argues that the court's partial summary

judgment orders are final judgments for the purpose of Rule

54(b) and seeks certification of the orders as such.  ECF No.

470, at 3.  A judgment is final when it is "an ultimate

disposition of an individual claim entered in the course of a

multiple claims action."  Sears, Roebuck & Co. v. Mackey, 351

U.S. 427, 436 (1956); MCI Constructors, LLC v. City of

Greensboro, 610 F.3d 849, 855 (4th Cir. 2010).  As Burgess &

Niple noted in its response, Tri-State brought only one claim

against the Sanitary Board and one claim against Burgess &

Niple.  See ECF No. 477, at 7.  Although the court dismissed

certain portions of those claims, the remainder of the claims are unadjudicated and no ultimate disposition or final judgment has been made.  Accordingly, Rule 54 certification is not warranted.

However, even if the court were to accept Tri-State's argument that each of the decided issues are standalone claims that could be deemed final judgments,[1] the court finds that there is just reason to delay entry of judgment.  The court agrees that absent a settlement between the parties, it is unlikely that the need for appellate review will be mooted. Additionally, the court agrees with Tri-State that there is no pending claim or counterclaim which could result in a set-off against the judgments Tri-State seeks to be made final. Nevertheless, the court finds that the remaining factors set forth in Braswell weigh heavily against certification.

Regarding the first factor, there is substantial similarity between the adjudicated and unadjudicated claims. Whether Tri-State was properly terminated for cause is factually related to its performance under the contract, which in turn is

---

[1]    To this end, Tri-State argues that "claims" under Rule 56(b) are not limited to "causes of action," but rather "an aggregation of operative facts that give rise to rights enforceable by a court."  ECF No. 481, at 3 (citing In re Fifth Third Early Access Cash Advance Litig., 925 F.3d 265, 274 (6th Cir. 2019)).

related to the remainder of Tri-State's crossclaim against the Sanitary Board for extra or changed work on the sewer system. Similarly, each of the claims underlying Tri-State's professional negligence claim against Burgess & Niple are related to Tri-State's performance of the sewer project and compliance with the General Conditions that were incorporated into the contract between the Sanitary Board and Tri-State, as well as Burgess & Niple's duties under the same.

With regard to the third factor, certification at this stage raises a strong possibility that the appellate court would be obliged to consider the same or substantially similar issues a second time upon resolution of the rest of the case.

Finally, and most significantly, the "miscellaneous factors" contemplated by Braswell's fifth factor suggest that immediate appeal is unwarranted. Although Tri-State argues that it will be prejudiced if it cannot appeal the court's orders now, this case involves numerous parties and causes of action and has been pending for nearly three years. Substantial work toward resolution has occurred. Certification, particularly in light of Tri-State's requested stay, would result in additional delay and additional expenses before this case is resolved at the trial court level.

Ultimately, there is a strong federal policy against piecemeal appellate review, and Tri-State, despite the able effort of its counsel, has failed to establish any exceptional circumstances that justify use of the measures set forth in Rule 54(b). Inasmuch as Rule 54 certification is not appropriate, Tri-State's request to stay this civil action pending appeal is denied as moot.

### III. Conclusion

Based on the foregoing, it is ORDERED that Tri-State Pipeline's Motion to Certify Partial Summary Judgment Orders for Appeal and Stay Proceedings be, and hereby is, DENIED.

The Clerk is directed to transmit copies of this order to all counsel of record and any unrepresented parties.

ENTER: November 17, 2021

John T. Copenhaver, Jr.
Senior United States District Judge